DENNIS, Justice,
dissenting.
I respectfully dissent. I am still of the opinion that our decision on original hearing is correct.
The language of the bond mirrored the form suggested in comment (c) to Article 330 of the Code of Criminal Procedure. This language is broad and is the best evidence of what the parties intended. Comment (a) to Article 330 interprets identical language in the bond to cover the appeal situation if the bond is continued. I believe the phrase “if the bond is continued” has reference to whether the trial judge, in his discretion, determines that the bond as originally executed continues to provide adequate security to insure the defendant’s subsequent appearances.
Even under the majority’s interpretation that the surety’s consent to extend the bond to the appellate stage is necessary, I disagree that its former agent’s consent is not binding on the surety. The agent had been given special and express authority to execute the bonds initially. The specific powers of attorney were recorded in the public records of the parish and never cancelled. In fact, it appears that the bonding company made no effort whatsoever to surrender the defendants, to notify the court, sheriff, or district attorney that the association with its former agent had ended, or to voice its refusal to continue the bonds. A principal’s failure to correct a false appearance binds him just as surely as affirmative acts; either may clothe the agent with an appearance of authority upon which innocent third parties may reasonably rely. See La.C.C. art. 3029.
The loss should be borne by the party who most occasioned it; in my opinion, that party is the bonding company.